

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-82,043-01

**EX PARTE SHANNON COLE SMITH, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 60527-A
## IN THE 23RD DISTRICT COURT FROM BRAZORIA COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the

clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte*

*Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual

assault and was sentenced to eighteen years' imprisonment. There was no direct appeal.

Applicant complains that his guilty plea was involuntary because trial counsel should have

filed a motion to suppress. *See Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Morrow*,

952 S.W.2d 530 (Tex. Crim. App. 1997). According to trial counsel's affidavit:

> The police were notified by teletype that there was a felony warrant for [Applicant]
> out of North Carolina. The warrant was for theft of a vehicle described as and black
> Ford Fl50 with North Carolina plates XPW3807, which [Applicant] was possibly
> driving. The police located the vehicle at a motel. The police contacted the front desk
> at the motel to see if [Applicant] was indeed checked into the motel. The police were

advised that [Applicant] was staying in room 118. Prior to entering the room the police contacted the District Attorney's Office prior to making entry into the motel room. The police knocked on the door, waited a few seconds then made entry with the key obtained from the front office.

Applicant was found naked in bed with a thirteen-year-old girl, who was also naked, and according to the habeas record, Applicant admitted to having had sexual intercourse and oral sex with the child several times.

The existence of a warrant for Applicant's arrest would permit the police to enter his motel room as was done. *See Payton v. New York*, 445 U.S. 573 (1980); *Green v. State*, 78 S.W.3d 604 (Tex. App.—Fort Worth 2002). The police report in the habeas record, however, does not specify that there was an arrest warrant. It states, rather, that the police "received information (TELETYPE) from North Carolina requesting that we attempt to locate [Applicant, who was] possibly driving a stolen vehicle...." There is no further evidence in the habeas record concerning the arrest warrant.

In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall supplement the habeas record provided to this Court with information concerning whether there was a warrant for Applicant's arrest or not. It shall then make any additional findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

To provide the information, the trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: November 5, 2014
Do not publish